MABRY *v.* COVINGTON.

5-2134                          337 S. W. 2d 643

Opinion delivered May 30, 1960.

[Rehearing denied September 12, 1960]

*C. Van Hayes,* for appellant.

*J. B. Milham,* for appellee.

SAM ROBINSON, Associate Justice.    The appellant Geraldine Mabry is the daughter of appellee, J. W. Covington.    This suit was filed by Covington, contending that he is the owner of Lots 1 and 4, Block 2, North Benton Addition to Benton, Arkansas; that he bought the lots May 22, 1950; paid the down payment of $1,180; and had the property conveyed to his daughter, Geraldine Mabry, under an oral agreement with her that she was to pay the balance of the purchase price in monthly installments of $33.70 each, and that Covington and his wife would have the right to occupy the premises for the remainder of their natural lives.    Covington also alleges that in June, 1957, Mrs. Mabry took possession of the real estate and, without his knowledge or consent, moved his household furnishings out of the house and converted them to her own use.    He prayed that the title to the property be vested in him and for damages for the conversion of the personal property.

Mrs. Mabry denied the allegations of the complaint and by way of cross complaint contended that her father

is indebted to her for something over $9,000. Of this amount she claims as damages the sum of $1,950, alleging that the house has a monthly rental value of $75.00 and that it remained vacant for 26 months because of threats made by her father that he would "burn out" any renters. Her cross appeal is only from the failure of the chancellor to give her judgment for the alleged rental value. Covington testified in support of the allegations in the complaint, but there is very little corroborating evidence. The chancellor found that he had made three monthly payments of $33.70 each and that all of the remaining payments on the property, from the time it was purchased in 1950, had been made by Mrs. Mabry, who is a school teacher. Covington occupied the property for about seven years. Mrs. Covington died in January, 1957.

The chancellor found that Mrs. Mabry owned the real property and had not converted the household furnishings of her father but had merely moved them out of her own house, which she had a right to do. She offered to return this property to Mr. Covington, and the court ordered her to do so. In addition, the court gave Covington a judgment for $101.10, covering the three monthly installments he had paid on the place. We do not find a preponderance of the evidence shows that the house remained vacant because of threats made by Mr. Covington. Mrs. Mabry testified that she and her father were not on good terms but that she bought the property to give her mother a comfortable place to live the balance of her life. The parties were before the chancellor, who had a better opportunity than this Court to judge the veracity of the witnesses. We cannot say that the chancellor's decree is against the preponderance of the evidence.

Affirmed both on appeal and on cross appeal.